IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PATRICK HIGGINS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
a municipal corporation

    Defendant.

Case No. 1:23-cv-00243-PAB

## FIRST AMENDED COMPLAINT WITH JURY DEMAND

For his Complaint against Defendant City and County of Denver, Denver International Airport, a division of City and County of Denver ("Defendant"), Plaintiff Patrick Higgins states:

### INTRODUCTION

1. Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Colorado Anti-Discrimination Act ("CADA") by failing to provide Plaintiff with a required religious accommodation and by failing to engage in an interactive process to determine and provide a reasonable accommodation.

2. This suit seeks to remedy Defendant's statutory violations and discrimination against Plaintiff who clearly communicated a sincerely held religious belief and therefore requested an accommodation from Defendant's mandate that employees receive the COVID-19 vaccine.

1

3. Rather than comply with its obligations under federal and state law, Defendant threatened to terminate Plaintiff if he did not get vaccinated for COVID-19 and terminated Plaintiff for failure to do so.

4. Defendant's statutory violations, discrimination, and retaliation left Plaintiff with the choice of receiving the COVID-19 vaccine in violation of his sincerely held religious beliefs or lose his job.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e, *et. seq.* Venue is proper under 28 U.S.C. § 1391(b) because the events complained of occurred in this District and Division.

## PARTIES

6. Plaintiff Patrick Higgins lives in Flagstaff, Arizona and worked as a Supply Specialist at the Denver International Airport for The City and County of Denver ("DENVER").

7. Defendant City and County of Denver is a municipal corporation within the State and District of Colorado and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. The Denver International Airport is a division and component of the City and County of Denver.

## FACTUAL ALLEGATIONS

8. Plaintiff worked at DENVER as a full-time employee, as a Supply Specialist, for more than six years beginning in approximately June 2015.

9. During his employment at DENVER, Plaintiff was an employee in good standing and without exception received positive performance review ratings. Working under conditions

during the pandemic that required masking and social distancing, Plaintiff still received excellent performance reviews.

10. On August 2, 2021, the Mayor of DENVER, Michael Hancock, issued a notice requiring that all city employees be fully vaccinated with the COVID-19 shots no later than September 30, 2021.

11. On August 12, 2021, DENVER disseminated a question-and-answer form ("Accommodation Request Form") and stated that all employees must complete said form in order for their medical or religious accommodation requests to be considered.

12. Plaintiff read the Accommodation Request Form which included numerous terms and conditions that DENVER required all employees to agree to without the possibility of change. One such term essentially included a release absolving DENVER of any liability should DENVER deny an accommodation request.

13. Plaintiff could not in good conscience sign such release not knowing how and if DENVER was going to respond to his stated accommodation request.

14. On or about August 31, 2021, Plaintiff submitted in writing, along with the unsigned form, his statement of religious objection to the COVID-19 vaccination.

15. On August 31, 2021, Plaintiff submitted his religious objections via email to ERSTeam@denvergov.org describing his sincerely held religious beliefs that prevented him from receiving the COVID-19 vaccinations.

16. On or about September 2, 2021, the ERS Team responded via email that Plaintiff's vaccination exemption was denied simply because he did not complete the form and the ERS Team did not consider it a proper submission.

17. On that same day, Plaintiff ~~as well as~~ notified via email, Scott McCoy, General Counsel for DENVER, that he was not going to be able to sign the Accommodation Request Form in its original format because there were terms on that form that Plaintiff did not want to agree to.

18. Plaintiff received no response from Defendant to his email notifications that he would like a religious accommodation without having to sign away his rights if they were to deny him an accommodation.

19. On September 30, 2021, Plaintiff emailed Scott McCoy again reiterating his sincere religious beliefs and how they conflicted with Plaintiff receiving the COVID-19 vaccinations in addition to stating that Plaintiff was willing to provide all requested information on the Accommodation Request Form without signing away his rights should they deny his accommodation. This request was ignored by Defendant.

20. Beginning October 1, 2021, DENVER began the disciplinary process against Plaintiff and ultimately terminated Plaintiff on October 26, 2021. On October 1, 2021, Plaintiff received an email from Cristal Swain, Senior Director, Business Management Services, Finance, Business Operations, which included Plaintiff's Notification of Contemplation of Disciplinary Action. Such notice made a cursory mention of Title VII rights in general but made zero reference to Plaintiff's attempt to invoke those rights when he put DENVER on notice of his religious objections to receiving the COVID-19 vaccinations as stated above and thereby requesting a reasonable accommodation. Such notification was sent by Ms. Swain on behalf of Greg Hegarty a supervisor involved in the Plaintiff's disciplinary process.

21. Between October 1, 2021, and October 26, 2021, DENVER continued on its path of religious discrimination until Plaintiff's ultimate dismissal on October 26, 2021. During this time there were two hearings held via Microsoft Teams on October 11, 2021, and October 25, 2021. During both meetings Plaintiff reiterated his religious objections to receiving the COVID-19 vaccinations. At no time during those meetings were any religious accommodations discussed. Cristal Swain and Scott Heimel, HR Business Partner, simply asked if Plaintiff was vaccinated and because his response was, "No," DENVER carried out its process of terminating Plaintiff's employment.

22. The only path DENVER offered was to complete the accommodation process, e.g., sign the form, in the exact manner stipulated by DENVER with zero modifications.

23. At no time did DENVER engage in the interactive process or ever make any good faith effort to accommodate Plaintiff's sincere religious beliefs and objections regarding the receipt of the COVID-19 vaccinations.

24. After Plaintiff's termination, Plaintiff pursued a claim with the Career Services Authority ("CSA") complaining of his wrongful termination. After a failed mediation, Plaintiff filed a charge with the Equal Opportunity ("EEOC").

25. On or about February 3, 2022, Plaintiff timely filed a charge of discrimination with the EEOC raising the issues in this Complaint.

26. On October 31, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

### COUNT I
### Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*
### Religious Discrimination-Failure to Accommodate

27. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

5

28. Plaintiff holds sincere religious beliefs that preclude him from receiving the COVID-19 vaccinations.

29. Plaintiff informed Defendant of those beliefs and requested accommodation from the vaccine on religious grounds.

30. Defendant failed to engage in an interactive process with Plaintiff regarding his request for religious accommodation.

31. Defendant responded to Plaintiff's accommodation request and repeated attempts at resolution with a blanket denial and did not provide any reason or rationale.

32. Further, Defendant did not explore any form of reasonable accommodation recommended under EEOC guidelines, such as wearing a mask or socially distancing even though Plaintiff had successfully worked on location, socially distancing, and wearing a mask throughout the pandemic.

33. Defendant ignored mitigating steps available to it ~~factors~~ such as ~~the~~ limiting the number of individuals working on location at the large aircraft hangar, making the location especially conducive to social distancing.

34. Defendant failed to provide Plaintiff with reasonable accommodations for his sincerely held religious beliefs.

35. Defendant discriminated against Plaintiff because of his religious beliefs.

36. Defendant's failure to provide religious accommodations has harmed and will continue to harm Plaintiff.

37. By failing to engage in the interactive process and/or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

## COUNT II
### Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*
### Religious Discrimination-Retaliation

38. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

39. Plaintiff engaged in protected activity when he requested religious accommodations from Defendant's vaccine mandate.

40. Defendant responded with a blanket denial of Plaintiff's request for religious accommodations.

41. Defendant did not provide for any avenue of getting his religious accommodation request considered outside of its overly broad and unnecessary Accommodation Request Form.

42. Defendant responded to Plaintiff's protected activity by giving Plaintiff the false choice between vaccination and effective termination.

43. Plaintiff's religious beliefs and protected activity were the causes of Defendant's adverse employment action. Defendant did not bother engaging in an interactive process with Plaintiff because Defendant never intended to provide accommodations even if it conflicted with Plaintiff's sincerely held religious beliefs.

44. Defendant retaliated against Plaintiff's protected activity by terminating Plaintiff's employment.

45. By retaliating against Plaintiff for engaging in protected activity, Defendant violated Title VII. This violation harmed and continues to harm Plaintiff.

## COUNT III
### Violation of C.R.S. § 24-34-402 *et. seq.*
### Religious Discrimination in Employment

46. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

47. Colorado Revised Code Section 24-34-402 *et. seq.* prohibits employment discrimination based on religion.

48. Defendant violated Colorado's Anti-Discrimination law when it terminated Plaintiff due to his religious objections to the Covid-19 vaccine.

49. Defendant has reasonable alternatives available that could have been offered to accommodate Plaintiff's religious beliefs, but Defendant refused Plaintiff those accommodations.

50. Defendant discriminated against Plaintiff because of his religion.

51. Defendant's failure to provide reasonable accommodations harmed and continues to harm Plaintiff.

## ADMINISTRATIVE PROCEDURES

52. A copy of the EEOC notice of the right to sue is attached.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court award him:

    a. Damages including back pay, reinstatement or front pay, pre-judgment and post-judgment interest, punitive damages, compensatory damages, and other injunctive relief.

    b. Reasonable attorneys' fees and costs.

    c. Any other relief that the Court considers just, proper, and equitable.

DATED this 18th day of April 2023.

Respectfully Submitted,

          **DISABLED RIGHTS ADVOCATES, PLLC**

          */s/ David J. Willson*

          David Willson, Co. Bar No. 43369

          Dawn Uballe, TX Bar No. 24053505,
          *pro hac vice* application forthcoming

          600 17th Street
          Suite 2800 South
          Denver, CO 80202
          (719) 648-4176
          david@dradvocates.com
          dawn@dradvocates.com

          ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

A trial by jury is demanded for all issues so triable.

          Respectfully Submitted,

          */s/ David J. Willson*
          David Willson